# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LLOYD ELLIS, | Case No. 2:14-cv-00439-MMD-PAL |
| Plaintiff, | **ORDER** |
| v. | (Mnt to Withdraw – Dkt. #10) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the court on the Motion to Withdraw as Counsel of Record (Dkt. #10) filed June 16, 2014. Attorney Al Lasso seeks to withdraw as counsel of record for Plaintiff Lloyd Ellis. Additionally, counsel seeks an order enforcing an attorney's lien against Plaintiff. The Motion represents that Plaintiff and counsel have reached an impasse regarding the course of litigation, and further representation by counsel has become unreasonably difficult. Local Rule IA 10-6 provides that "no withdrawal … shall be approved if delay of discovery, the trial or any hearing in the case would result." Plaintiff filed his case in state court and defendant removed it to this court on March 24, 2014. *See* Petition for Removal (Dkt. #1). Discovery closes on October 6, 2014. *See* Scheduling Order (Dkt. #11). It appears good cause exists to allow Mr. Lasso to withdraw as counsel of record for Plaintiff.

Counsel also requests the court enforce his attorney's lien and enter judgment against Plaintiff in the amount of $9,653.56. As support for this request, counsel relies on NRS 18.015 and *Gordon v. Stewart*, 324 P.2d 234 (Nev. 1958). In *Gordon*, the Nevada Supreme Court concluded that a trial court has authority to enter a judgment against a personal injury plaintiff who breached a contract for a contingent fee agreement. The court held that "the court in the action in which attorney's services were rendered has incidental jurisdiction to resolve disputes

1

between a litigant and his attorney relative to the establishment of an attorney's lien." *Id*. at 235. In *Gordon*, the client appealed an award of $2500 in attorney's fees entered as judgment in favor of the attorney against the client.  The attorney and client entered into a contingency fee agreement providing the attorney would be entitled to recover a thirty-five percent contingency fee of any award received on the client's counterclaim.  The client prevailed on the counterclaim and was awarded damages of $10,025.32.  The attorney moved to withdraw, and the court fixed the amount of compensation the attorney was entitled to receive, finding the client had breached the employment contract, that the attorney was entitled to repudiate the contract for legal services, and that the attorney was entitled to $2500 as a quantum meruit recovery.

The court finds *Gordon* inapposite.  In Nevada, an attorney may hold two types of liens to ensure that clients pay their attorney's fees.  *See Figliuzzi v. Eight Judicial Dist. Court In and For County of Clark*, 890 P.2d 798, 801 (Nev. 1995).  A special or charging lien is an attorney's lien on the judgment or settlement an attorney has obtained for a client, whereas a general or retaining lien entitles an attorney who is discharged by the client to retain the client's papers, property, or money until a court requires the attorney to return the retained items if the client pays or provides security for the attorney's fees.  *Id*.

NRS 18.015 provides:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects his lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his client and upon the party against whom his client has a cause of action, claiming the lien and stating the interest which he has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment, or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.

2

> 4. On motion filed by an attorney having a lien under this section, his client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorney's fees by a lien under this section may be utilized with, after, or independently of any other method of collection.

The purpose of NRS 18.015 is to secure attorney fees and to encourage attorneys to take cases for clients who could not otherwise afford to litigate. *BeroWachs v. Law Office of Logar & Pulver*, 157 P.3d 704, 706–07 (Nev. 2007) (quoting *Muije v. A N. Las Vegas Cab Co.*, 799 P.2d 559, 561 (Nev. 1990)).

Here, counsel requests that an attorney's charging lien in the amount of $9,653.56 be reduced to judgment. Although this court has jurisdiction to adjudicate a fee dispute, counsel does not have a valid claim to an attorney's charging lien. *See Curry v. Guam Mem'l Hosp. Auth.*, 941 F.2d 730, 731 (9th Cir.1991) ("Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction"). Under Nevada law, an attorney who has not obtained a settlement or judgment for the client may not use NRS 18.015 to enforce an attorney's lien. *See Michel v. Eighth Judicial Dist. Court ex rel. County of Clark*, 17 P.3d 1003, 1005 (Nev. 2001) (citing *Figliuzzi*, 890 P.2d at 801). Similarly, an attorney who voluntarily withdraws from a case loses any claim to an attorney's lien. *See Matter of Kaufman*, 567 P.2d 957, 960 (Nev. 1977).

Here, counsel seeks to withdraw but has not obtained a judgment or settlement on behalf of his client. Therefore, counsel's request to reduce his attorney's lien to judgment is denied. However, denial of Mr. Lasso's request to confirm an attorney's lien and reduce it to judgment does not preclude him from obtaining payment from Plaintiff. The Nevada Supreme Court has held that an attorney's right to be paid is not based upon or limited to his lien. It is a contract, express or implied, and the lien is simply security. *See Sarman v. Goldwater, Taber and Hill*, 396 P.2d 847, 849 (Nev. 1964), *overruled on other grounds by Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish,* 216 P.3d 779 (Nev. 2009).

1    Having reviewed and considered the matter,

2    **IT IS ORDERED:**

3    1.    The Motion to Withdraw (Dkt. #10) is GRANTED in part and DENIED in part as follows:

       (a)    Attorney Lasso's request to withdraw as counsel of record for Plaintiff is GRANTED.

       (b)    Attorney Lasso's request to enforce his attorney's lien and for judgment is DENIED.

2.    Plaintiff shall have until **July 21, 2014**, in which to retain new counsel who shall file a notice of appearance in accordance with Local Rules of Practice or to file a statement that he will proceed pro se.

3.    Failure to comply with this order may result in recommendation to the district judge for sanctions, including case-dispositive sanctions.

4.    The Clerk of Court shall serve a copy of the Order on Plaintiff at:

Lloyd Ellis
2657 Windmill Parkway #675
Henderson, NV 89074

Dated this 23rd day of June, 2014.

                                                 PEGGY A. LEEN
                                                 UNITED STATES MAGISTRATE JUDGE